Van Voobhis, J.
(dissenting). Arnold Reischman, a newcomer in the city of New Rochelle, formed the defendant corporation of which he is president which is engaged in selling toys and other items of merchandise. He testified that on November 14, the day when it was accused of untrue and misleading advertising under section 421 of the Penal Law, he had a thousand different items on sale. The advertising signs displayed in his window appear in the five photographs. One consists of four lines. It reads:
Westchester First TOY DISCOUNT Super Market 20% to 40% OFF
The information charges that the sealer of weights and measures in New Rochelle “ did cause to purchase three (3) items of standard brand toys, and that two of said toys were 9 cents more in cost than standard retail price, and the other one (1) item was of standard retail price.”
*325 Several signs were displayed in addition to the one set ■forth above, reading ‘ ‘ Largest selection of standard branu toys, 20% to 40% off ”, and “ Toys 20% to 40% off. Come in and browse around ’ ’. The sealer of weights and measures made no purchases himself. The conviction of defendant depends entirely on the testimony of one of his competitors named Philip Schlossberg. Purchases by him at defendant’s store are the ones mentioned in the information, which states that two items of standard brand toys were bought at 9 cents more in cost than standard retail price. These alleged toys were a game known as “ Sorry” for which he paid $2.59 instead of $2.50, and “ Fun Cards ”, which he described as “ an educational game for pre-school children ”, for which he paid $1.59 instead of $1.50, which he testified was the standard brand retail price. This witness characterized these games as standard brand toys in the parlance of the trade.
Conceding this statute to be a legitimate exercise of the police power, it seems to us that this information has to be dismissed for the reason that these games known as “ Sorry ” and “ Fun Cards ” were not toys. It was conceded by the People that the signs in the window would not have related to playing cards. These two games of “ Sorry ” and “ Fun Cards ” are children’s card games. Neither is “ Monopoly ” a toy but it too is a card game, which Schlossberg also bought although not at a higher price than this witness testified was its standard brand price. There is a difference in common usage between what are toys and what are games. Moreover, the discount signs did not indicate that every item, even of toys, would be sold at a reduced price. There were 1,000 different types of articles on display, and, as in the case of many bargain sales, not all of them were priced at a discount. The signs meant that 20% to 40% price reductions could be obtained on a substantial number of standard brand toys. There is no evidence that this was not the case in appellant’s store. The evidence, as we view it, does not support the statements made in the majority opinion on this phase of the case. This advertisement proclaimed that toys Avere being sold at 20% to 40% off. Proof is insufficient merely to the effect that, some toys were not sold at these discounts. There is no evidence that many standard brand toys were not being offered at 20% to 40% reductions. There was no advertising or representation that every toy would be sold at 20% to *326 40% off. This is a criminal statute, to be strictly construed. The whole subject of discounts and markdowns is involved in so much confusion, and these practices are so common, even in the best regulated stores, that it is difficult to unravel with the precision which is necessary to a criminal prosecution. Here it seems to us that the defendant could not be convicted of false advertising, especially when the advertising referred exclusively to toys, and the two purchases in question were of what are not commonly known as toys but as games.
The defendant’s conviction should be reversed and the information dismissed.
Chief Judge Conway and Judges Desmond and Dye concur with Judge Burke ; Judge Van Voorhis dissents in an opinion in which Judges Fuld and Froessel concur.
Order affirmed.